IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02140-LTB-BNB

MELODY RAMSEY,

Plaintiff,

v.

ANTHONY J. PRINCIPI, Secretary, Department of Veterans Affairs,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's Motion to Dismiss** (the "Motion"), filed January 13, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED and that all claims be DISMISSED except for the plaintiff's claim under the National Environmental Policy Act.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff filed a Title VII Complaint (the "Complaint") on October 15, 2004. The Complaint provides a lengthy and somewhat confusing discourse of the plaintiff's experiences

with the Fort Logan National Cemetery. The Complaint alleges the following:

1. The plaintiff is the widow of a World War II United States Merchant Marine. *Complaint*, p. 7, ¶ 20. The plaintiff's husband was buried at the Fort Logan National Cemetery in Denver in March 2002. Id. at p. 3, ¶ 11; p. 7, ¶ 20. The plaintiff began volunteering at the cemetery within weeks of her husband's burial. Id. at p. 3, ¶ 11. Her volunteering included the following "actual or proposed" duties: weeding, picking up trash, cleaning up branches, and rendering advice and research on a cemetery expansion project. Id. She had almost daily contact with the Deputy Director of the cemetery "to report the criminal or inappropriate use of the cemetery each prior evening or to ask for and receive permission for expanded work assignments or to report broken sprinkler heads, for example." Id.

2. The plaintiff was assaulted and defamed by cemetery staff. Id. at p. 9, ¶ 23. "The cemetery staff seems to have been soliciting hate crimes against Mrs. Ramsey based on their perception that she is mentally ill." Id.

3. In the spring of 2003, the plaintiff was barred from entering the cemetery grounds for one year. Id. at p. 7, ¶ 20. The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability. Id. at Exhibit 3, p. 1. The EEOC denied the complaint, finding that the plaintiff was not an employee or an applicant for employment and, therefore, was not an aggrieved person under the pertinent regulations. Id. p. 2.

The Complaint asserts claims for defamation, loss of standing in the community, violation of the Equal Protection Clause, involuntary servitude, denial of due process, discrimination and retaliation in violation of Title VII and the Americans With Disabilities Act,

cruel and unusual punishment, assault and battery, and violation of the National Environmental Policy Act.[1]

### III. ANALYSIS

#### A. Service of Process

The defendant asserts that this action should be dismissed because the plaintiff has failed to properly serve the defendant. Although the plaintiff may not have properly served the defendant at the time the Motion was filed, the plaintiff has subsequently filed proof of additional service. *Plaintiff's Motion for Leave to Present Proof of 2nd Service of Summons and Complaint* (the "Proof of Service"), filed March 15, 2005. The Proof of Service demonstrates that the plaintiff has properly effected service on the defendant in his official capacity pursuant to Rule 4(i), Fed. R. Civ. P. Id. (establishing service via certified mail on the United States attorney for the District of Colorado, the Attorney General of the United States, and the defendant). I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of the claims against the defendant in his official capacity for lack of service.

---

[1]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). In addition, to the extent the plaintiff's response to the Motion attempts to assert claims other than those asserted in the Complaint, I will not address claims raised for the first time in a brief opposing a dispositive motion.

The plaintiff has not provided proof of personal service on the defendant and has not, therefore, established that she served him in his individual capacity. Fed. R. Civ. P. 4(i)(2)(B).[2] I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the claims against the defendant in his individual capacity for lack of service.

### B. Constitutional Claims

The plaintiff brings claims for violation of the Equal Protection Clause, involuntary servitude, denial of due process, and cruel and unusual punishment. The defendant asserts that the Court lacks subject matter jurisdiction over the plaintiff's constitutional claims because sovereign immunity is not waived for constitutional claims brought against the defendant in his official capacity. The defendant asserts a facial challenge to the Complaint. Therefore, I accept the allegations in the complaint as true. Holt, 46 F.3d at 1003.

As a preliminary matter, the Complaint asserts 42 U.S.C. § 1983 as the jurisdictional basis for the alleged constitutional violations. *Complaint*, p. 1, ¶ 6. Section 1983 provides the remedy for constitutional violations. Tafoya v. Adams, 816 F2d 555, 558 n.5 (10th Cir. 1987). However, "Section 1983 is directed to action taken under color of *state* law." Myles v. United States, 52 Fed.Appx. 108, 110, 2002 WL 31667915 at *2 n.3 (10th Cir. Nov. 27, 2002) (emphasis in original). Section 1983 is not applicable to actions, such as this one, which challenge the unconstitutional conduct of a federal official. Id. Actions that challenge the unconstitutional

---

[2]The plaintiff asserts that "Defendant's representatives are obligated to contact Plaintiff regarding the facts of her service under Rule 4 and did not." *Plaintiff's Response to Motion to Dismiss Plaintiff's Motion for Sanctions* (the "Response"), filed February 2, 2005, p. 1. However, Rule 4 imposes no obligation on the defendant to contact the plaintiff regarding service.

conduct of a federal official must be asserted pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[3]  <u>Id.</u>

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" <u>Lee v. United States</u>, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)).  "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted).  <u>Hensel v. Office of the Chief Administrative Hearing Officer</u>, 38 F.3d 505, 509 (10th Cir. 1994).  Sovereign immunity is a jurisdictional bar to suit.  <u>Federal Deposit Insurance Corp. v. Meyer</u>, 510 U.S. 471, 475 (1994).

Suits against officers in their official capacities are suits against the entity of which an officer is an agent.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985).  The defendant is an agent of the Department of Veterans Affairs.  Therefore, a suit against the defendant in his official capacity is a suit against the Department of Veterans Affairs.  The Department of Veterans Affairs is a federal agency.  <u>Bivens</u> does not waive the sovereign immunity of federal agencies.  <u>Meyer</u>, 510 U.S. at 484-86; <u>Bivens</u>, 403 U.S. at 410.  Accordingly, the plaintiff's claims for constitutional violations are barred by sovereign immunity.  I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the plaintiff's constitutional claims.

---

[3]The <u>Bivens</u> court held that a federal cause of action exists for injuries incurred as a result of a constitutional violation by a federal official.  <u>Id.</u> at 395-96.  Jurisdiction under <u>Bivens</u> cases lies under 28 U.S.C. § 1331.  <u>Kite v. Kelley</u>, 546 F.2d 334, 337 (10th Cir. 1976).

### C. Discrimination Claims

The plaintiff brings discrimination claims under both Title VII and the ADA. The defendant asserts that the plaintiff's discrimination claims must be dismissed because the allegations of the Complaint establish that she was not an employee under the relevant statutes.

In order to be eligible for the protections of Title VII, an individual must be an employee or and applicant for employment. 42 U.S.C. § 2000e-16. Title VII defines "employee" as "an individual employed by an employer." Id. at § 2000e(f).

The Complaint consistently and repeatedly refers to the plaintiff as a volunteer at the cemetery. *Complaint*, p. 3, (stating that the plaintiff "began volunteering at the cemetery within a weeks [sic] of her husband's burial" and that she was "granted volunteer standing and status"); p. 6, (asserting that the plaintiff "was indeed a bona fide volunteer and therefore protected by Title VII" and the ADA); p. 10 (addressing "further volunteer work" that the plaintiff was authorized to perform and referring to her status as a "volunteer employment position"); and p. 11 (requesting that the Court direct the defendant to "formally acknowledge and clarify the standing of volunteers").

Accepting the Complaint's allegations as true and construing all reasonable inferences in favor of the plaintiff, the plaintiff--as a volunteer--was not an employee of the cemetery and she does not, therefore, have standing to bring claims under Title VII. See Jacob-Mua v. Veneman, 289 F.3d 517, 521 (8th Cir. 2002) (holding that a plaintiff, who conceded she was a volunteer, did not have standing to bring Title VII claim because she was not an employee).

The ADA specifically excludes the United States from the definition of "employer." 42 U.S.C. § 12111(5)(B)(i). Therefore, the plaintiff may not bring discrimination claims against the

United States or its agencies under the ADA.  Corder v. United States, 205 F.3d 1339, 2000 WL 191742 at *2 (6th Cir. 2000).  Rather, a federal employee alleging employment discrimination based on a disability may bring an action under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et. seq*.

The Rehabilitation Act prohibits employment discrimination against disabled employees. 29 U.S.C. § 794; Gardner v. Morris, 752 F.2d 1271, 1277 (8th Cir. 1985).  In employment discrimination cases alleging violations of the Rehabilitation Act, "[t]he standards used to determine whether this section [of the Rehabilitation Act] has been violated ⋀⋀⋀ shall be the standards applied under title I of the Americans with Disabilities Act." 29 U.S.C. § 794(d).  The definition of employee is the same under the ADA as the definition of employee under Title VII. 42 U.S.C. § 12111(4).  As with Title VII, the ADA's definition of employee does not include volunteers.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the plaintiff's claims for discrimination.

### D.  Tort Claims

The plaintiff brings claims for assault and battery, defamation, and "loss of standing in the community."  The defendant asserts that the plaintiff's tort claims must be dismissed because the plaintiff has failed to establish a clear waiver of sovereign immunity.  The defendant presents a factual challenge to subject matter jurisdiction.  Therefore, I do not presume the truthfulness of the factual allegations in the Complaint.  Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts.  Holt, 46 F.3d at 1003.

The FTCA waives the United States' sovereign immunity from suit in certain circumstances.  See 28 U.S.C. § 2674.  However, section 2675 of the FTCA requires that a plaintiff exhaust administrative remedies before filing suit in district court.  Id. at § 2675.  Exhaustion is a jurisdictional prerequisite to filing suit which the courts have no power to waive.  Nero v. Cherokee Nation of Oklahoma, 892 F.2d 1457, 1463 (10th Cir. 1989).

To exhaust administrative remedies, a plaintiff seeking money damages against the United States, as here, must first file a claim with the appropriate agency "within two years after such claim accrues."  28 U.S.C. § 2675; 28 U.S.C. § 2401.  The plaintiff did not file a claim with the U.S. Department of Veterans Affairs.  *Motion*, Affidavit of Michael E. Bornhouser; *Response*, pp. 8-9.  Therefore, to the extent the plaintiff brings any claims sounding in tort against the defendant, I respectfully RECOMMEND that such claims be DISMISSED for lack of subject matter jurisdiction.

### E.  Claim Brought Pursuant to the National Environmental Policy Act

The defendant does not address the plaintiff's claim for violation of the National Environmental Policy Act.  Therefore, I make no recommendation regarding this claim.

### IV.  CONCLUSION

I respectfully RECOMMEND that the Defendant's Motion to Dismiss be GRANTED and that all claims be DISMISSED except for the plaintiff's claim under the National Environmental Policy Act.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 23, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge