IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02140-LTB-BNB

MELODY RAMSEY,

Plaintiff,

v.

ANTHONY J. PRINCIPI, Secretary, Department of Veterans Affairs,

Defendant.
_____

# ORDER
_____

This matter is before me on **Plaintiff's Motion for Reconsideration of Hearing Motions** (the "Motion"), filed January 12, 2006. The Motion is DENIED.

On December 15, 2005, the Court dismissed all of the plaintiff's claims except her claim under the National Environmental Policy Act ("NEPA"). *Order entered December 15, 2005*. On January 12, 2006, I held a Status and Scheduling Conference. I entered a Scheduling Order wherein I set the dates for discovery on the plaintiff's remaining claim. *Scheduling Order entered January 12, 2006*. The plaintiff requests that my "rulings" of January 12, 2006, be "overturned."

The plaintiff asserts that the rulings should be overturned because her NEPA claims are "inseparable" from the claims that have been dismissed. To the contrary, the NEPA claim is a separate and distinct claim, and discovery can proceed solely on that claim.

The plaintiff asserts that the rulings should be overturned due to misconduct on the part of defense counsel, including alleged *ex parte* communications between defense counsel and me wherein counsel presented a legal argument regarding the plaintiff's NEPA claim. *Motion*, p. 2, §

2. The plaintiff further asserts that I have "participated in or entertained an *ex parte* 'confidential' settlement offer from Defendant." Id.

At the January 12, 2006, Status and Scheduling Conference, I stated that the defendant had submitted a Confidential Settlement Statement wherein he indicated his intention to challenge the plaintiff's standing to bring a NEPA claim. I assume that the plaintiff's concerns regarding *ex parte* communications arise from this statement.

I routinely order the parties in civil cases to submit a Confidential Settlement Statement when both parties are represented by counsel. I do not routinely order submission of a Confidential Settlement Statement in cases where the plaintiff is proceeding *pro se*, and I did not order one this case.[1] Nevertheless, the defendant submitted to me a Confidential Settlement Statement on January 11, 2006. Although I did not order the parties to submit Confidential Settlement Statements in this case, such statements are routinely ordered, and are necessarily submitted *ex parte* because they contain the parties' confidential positions on settlement. The defendant's submission of, and my review of, the Confidential Settlement Statement is a common practice in this district and does not constitute misconduct on the part of defense counsel or me.

Finally, the plaintiff asserts that I have been inappropriately hostile toward her. The plaintiff's allegations are conclusory and without merit. I harbor no hostility toward the plaintiff, and the record does not support her accusation of hostility.

---

[1] At the Scheduling Conference, I stated that I ordered defense counsel to submit a Confidential Settlement Statement. My subsequent review of the record indicates that a Confidential Settlement Statement was not ordered in this case.

IT IS ORDERED that Plaintiff's Motion for Reconsideration of Hearing Motions is DENIED.

Dated April 13, 2006.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge