IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02140-LTB-BNB

MELODY RAMSEY,

Plaintiff,

v.

ANTHONY J. PRINCIPI, Secretary, Department of Veterans Affairs,

Defendant.
_____

**ORDER**
_____

This matter is before me on the defendant's **Motion to Transfer Remaining NEPA Claim to AP Docket** [Doc. #75, filed 5/24/06] (the "Motion").  The Motion is DENIED.

**PROCEDURAL BACKGROUND**

The plaintiff filed a Title VII Complaint (the "Complaint") on October 15, 2004.  The Complaint asserted claims for defamation, loss of standing in the community, violation of the Equal Protection Clause, involuntary servitude, denial of due process, discrimination and retaliation in violation of Title VII and the Americans With Disabilities Act, cruel and unusual punishment, assault and battery, and violation of the National Environmental Policy Act ("NEPA").  The defendant filed a motion to dismiss the action. [Doc. #4, filed 1/13/05].  On December 15, 2005, the Court dismissed all of the plaintiff's claims except her claim under NEPA. [Doc. #23, issued 12/15/05].  The NEPA claim was not addressed in the defendant's motion to dismiss.

On January 12, 2006, a Scheduling Conference was held. A discovery cut-off of July 28, 2006, and a dispositive motion deadline of August 28, 2006, were set.

The defendant filed a motion to dismiss the NEPA claim on January 17, 2006. [Doc. #40]. The motion was denied as a successive motion. [Doc. #59, filed 4/13/06]. The defendant was ordered to answer the Complaint.

The defendant did not file a motion for summary judgment.

## ANALYSIS

The defendant moves to have this case transferred to the Court's AP docket based on the following argument:

> The remaining NEPA claim is brought under the APA. "Because the National Environmental Policy Act does not contain a private right of action for those seeking to enforce it procedural requirements, a plaintiff must rely on the Administrative Procedures Act as the basis for its action ...." *Committee to Save the Rio Rondo v. Lucero*, 102 F.3d 445, 448 (10th Cir. 1996).
>
> Pursuant to D.C.COLO.L.CivR 40.1D, APA matters are to be given an "AP" designation and thereafter the matter is to be set for a prebreifing conference. *Id.* Furthermore, pursuant to D.C.COLO.L.CivR 40.1D(4), "[n]o scheduling order shall be prepared in cases governed by this subsection." *Id.*

*Motion*, pp. 1-2.

Local Rule of Practice 40.1D states that cases shall be assigned to the AP docket "[u]pon the filing of any administrative agency or bankruptcy appeal . . . ." The defendant provides no evidence that the plaintiff is attempting to appeal from a final administrative agency decision.

At this point in the litigation the NEPA claim should be well-defined. Indeed, a Scheduling Order was entered in this action so that the parties could flush out the claim and

provide the Court with sufficient information to either dispose of it on summary judgment or take it to trial. Instead of providing the Court with sufficient information to properly manage the claim, the defendant filed an unsupported motion to transfer the claim to AP docket. The Motion is unsupported and is frivolous.

    IT IS ORDERED that the Motion is DENIED.

    Dated October 13, 2006.

                                BY THE COURT:

                                s/ Boyd N. Boland
                                United States Magistrate Judge