IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02140-LTB-BNB

MELODY RAMSEY,

Plaintiff,

v.

ANTHONY J. PRINCIPI, Secretary, Department of Veterans Affairs,

Defendant.
_____

# ORDER
_____

This matter is before me on the following motions:

(1) **Plaintiff's Motion for Extension of Time to Name Expert** [Doc. #61, filed 4/14/06];

(2) **Plaintiff's Motion for Extension of Time to Name Expert** [Doc. #62, filed 4/18/06];

(3) **Plaintiff's Motion for Reconsideration of Magistrate** [sic] **Denial of Motion for Default** [Doc. #73, filed 5/22/06];

(4) **Plaintiff's Motion for a More Definite Statement** [Doc. #76, filed 5/26/06];

(5) **Plaintiff's Interim Reply to Defaulted "Answer"**, [Doc. #77, filed 5/30/06];

(6) **Plaintiff's Motion for Extension of Time for Discovery** [Doc. #80, filed 7/28/06]; and

(7) **Plaintiff's Motion for Leave to Correct Certificate of Mailing** [Doc. #83, filed 8/7/06].

## **BACKGROUND**

The plaintiff filed a Title VII Complaint (the "Complaint") on October 15, 2004. The Complaint provides a lengthy and confusing description of the plaintiff's experiences with the Fort Logan National Cemetery. The Complaint alleges the following:

1. The plaintiff is the widow of a World War II United States Merchant Marine. *Complaint*, p. 7, ¶ 20. The plaintiff's husband was buried at the Fort Logan National Cemetery in Denver in March 2002. Id. at p. 3, ¶ 11; p. 7, ¶ 20. The plaintiff began volunteering at the cemetery within weeks of her husband's burial. Id. at p. 3, ¶ 11. Her volunteer activities included the following "actual or proposed" duties: weeding, picking up trash, cleaning up branches, and rendering advice and research on a cemetery expansion project. Id. She had almost daily contact with the Deputy Director of the cemetery "to report the criminal or inappropriate use of the cemetery each prior evening or to ask for and receive permission for expanded work assignments or to report broken sprinkler heads, for example." Id.

2. The plaintiff was assaulted and defamed by cemetery staff. Id. at p. 9, ¶ 23. "The cemetery staff seems to have been soliciting hate crimes against Mrs. Ramsey based on their perception that she is mentally ill." Id.

3. In the spring of 2003, the plaintiff was barred from entering the cemetery grounds for one year. Id. at p. 7, ¶ 20. The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability. Id. at Exhibit 3, p. 1. The EEOC denied the complaint, finding that the plaintiff was not an employee or an applicant for employment and, therefore, was not an aggrieved person under the pertinent regulations. Id. p. 2.

The Complaint asserted claims for defamation, loss of standing in the community, violation of the Equal Protection Clause, involuntary servitude, denial of due process, discrimination and retaliation in violation of Title VII and the Americans With Disabilities Act, cruel and unusual punishment, assault and battery, and violation of the National Environmental Policy Act ("NEPA"). On December 15, 2005, the Court dismissed all of the plaintiff's claims except her claim under the National Environmental Policy Act. [Doc. #23, filed 12/15/05].

## MOTIONS

**1. Plaintiff's Motion for Extension of Time to Name Expert** [Doc. #61, filed 4/14/06]

Subsequent to filing this motion, the plaintiff filed an identical motion with a "corrected" certificate of mailing. Accordingly, this Motion is moot.

**2. Plaintiff's [Corrected] Motion for Extension of Time to Name Expert** [Doc. #62, filed 4/18/06]

The plaintiff seeks to modify the Scheduling Order to extend her expert witness disclosure deadline. Pursuant to Fed.R.Civ.P. 16(b), a scheduling order may be modified upon a showing of good cause. The Advisory Committee Notes to Rule 16 provide the following guidance about the meaning of good cause as used in Rule 16:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. The good cause standard has been further defined in Dilmar Oil Co. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

3

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

The plaintiff provides three pages of argument for the requested extension of time, much of which is irrelevant to her request. Indeed, the Motion contains many derogatory remarks against the defendant. The plaintiff has asserted two arguments which merit comment.

First, the plaintiff claims that she was waiting for the Court to rule on certain motions before she could engage an expert.[1] However, the Court ruled as early as December 15, 2005, that the NEPA claim is the only extant claim. The plaintiff's subsequent filing of motions does not excuse her from meeting existing discovery deadlines.

Second, the plaintiff states that she "has diligently sought expert examination of the site, although severely hampered by her inability to enter the federal site." *Motion*, p. 2, ¶ 6. It is unclear from the plaintiff's conclusory statements whether she has exercised reasonable diligence to obtain an expert witnesses. Moreover, it is unclear whether the plaintiff is seeking to obtain expertise relevant to her NEPA claim. See <u>Robertson v. Methow Valley Citizens Council</u>, 490 U.S. 332, 350 (1989) (stating that NEPA merely prescribes the necessary process for agencies to

---

[1] These motions include a twenty-two page motion for default judgment on her NEPA claim and on claims which she alleges that the Court failed to identify in its analysis of the defendant's motion to dismiss [Doc. #31, filed January 9, 2006], as well as a motion to overturn the Scheduling Order on the basis that the NEPA claim is inseparable from the claims that have been dismissed [Doc. #45, filed 1/25/06]. Both motions were denied.

follow in evaluating potential environmental consequences of proposed actions; NEPA does not mandate particular results).  Accordingly, the Motion is DENIED.

### 3. Plaintiff's Motion for Reconsideration of Magistrate [sic] Denial of Motion for Default [Doc. #73, filed 5/22/06]

The plaintiff requests that "the Court grant her the default as she requested in her January 6, 2006 Plaintiff's Motion for Default Judgment against the Defendant . . . regarding all the issues including the NEPA claims in this suit." *Motion*, p. 1.  The Motion is frivolous.  The plaintiff does not provide any basis for reconsideration of my Order denying the plaintiff's motion for default judgment [Doc. #56, filed 4/13/06].

### 4. Plaintiff's Motion for a More Definite Statement [Doc. #76, filed 5/26/06]

The plaintiff seeks a more definite statement regarding the defendant's answer.  In the alternative, she seeks an order striking the answer as unresponsive and granting default judgment against the defendant.  The Motion is rambling and contains numerous irrelevant statements.

Upon review, I find that the Defendant's Answer [Doc. #67, filed 5/4/06] (the "Answer") does not need clarification.  The Answer fully complies with the requirements of Rule 8, Fed. R. Civ. P.  I further find that no basis exists to strike the Answer or to find the defendant in default.  The Motion is DENIED.

### 5. Plaintiff's Interim Reply to Defaulted "Answer", [Doc. #77, filed 5/30/06]

The plaintiff has filed a reply to the defendant's Answer.  The Federal Rules of Civil Procedure provide that there shall be a complaint and answer.  Fed.R.Civ.P. 7(a).  Further pleadings are prohibited "except that the court may order a reply to an answer."  Id.  The Court

has not ordered a reply to the defendant's Answer.  Accordingly, Plaintiff's Interim Reply to Defaulted "Answer" is STRICKEN.

    **6.  Plaintiff's Motion for Extension of Time for Discovery** [Doc. #80, filed 7/28/06]

The plaintiff requests "an extension of time thirty days beyond the date of receipt of the rulings and orders currently before the court."  I am unable to determine from the Motion the deadline(s) sought to be extended or whether the plaintiff has exercised due diligence in meeting the deadline(s).[2]  The Motion is DENIED.

    **7.  Plaintiff's Motion for Leave to Correct Certificate of Mailing** [Doc. #83, filed 8/7/06]

The plaintiff seeks leave to correct the certificate of mailing on one of her motions for injunctive relief.  As with many of the plaintiff's previous filings, the Motion is replete with immaterial and impertinent statements, including the following:

> This Defendant claims to be a Christian, a Catholic.  His Internet information plays heavily upon his religion.  Plaintiff is not a member of his sect or church.  One of the recent assailant's has "Mason Family" (a Catholic organization) on his license plates.  The benefit of the loss of tailwater from the cemetery is to the Catholic church.  Senator Salazar's agent, who stated the Plaintiff is probably the Anti-Christ did so in the context of these claims, including the NEPA claims.  More.  The Christian Bible requires we Christians to go the one(s) with whom we have disagreement...(Plaintiff has done that)...and be reconciled (Plaintiff does not have the power to do that, especially since Defendant has not done and yet again, does not allow the predicate step).  With regard to this reporting of religious or sectarian differences, Plaintiff reminds the Court she is not participating in religious abuse, she is merely reporting the effect upon her.

*Motion*, p. 2, ¶ 4.

---

[2] Insofar as the plaintiff claims that the defendant has not provided discovery, she has not filed a motion to compel the discovery and she does not provide sufficient information to analyze the Motion as a motion to compel discovery.

6

The Federal Rules of Civil Procedure allow the Court, on its own initiative at any time, to strike any immaterial or impertinent matter. Fed.R.Civ.P. 12(f). Further, the Local Rules require that all motions shall be concise. A verbose or redundant motion may be stricken, and its filing may be grounds for imposing sanctions. D.C.COLO.LR 7.1 H.

This Motion is stricken. The plaintiff shall cease filing derogatory, immaterial, or impertinent statements. Any future filings containing derogatory, immaterial, or impertinent statements will be stricken. Failure to comply with this Order may result in the imposition of sanctions, which may include the dismissal of this case.

## CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Extension of Time to Name Expert [Doc. #61, filed 4/14/06] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Name Expert [Doc. #62, filed 4/18/06] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of Magistrate [sic] Denial of Motion for Default [Doc. #73, filed 5/22/06] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a More Definite Statement [Doc. #76, filed 5/26/06] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Interim Reply to Defaulted "Answer", [Doc. #77, filed 5/30/06] is STRICKEN.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time for Discovery [Doc. #80, filed 7/28/06] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Correct Certificate of Mailing [Doc. #83, filed 8/7/06] is STRICKEN.

Dated October 13, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge