IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02140-LTB-BNB

MELODY RAMSEY,

Plaintiff,

v.

ANTHONY J. PRINCIPI, Secretary, Department of Veterans Affairs,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Defendant's Motion for Summary Judgment on Plaintiff's Remaining Claim Under the National Environmental Policy Act** [Doc. #113, filed 11/14/07] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if

the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. BACKGROUND

The plaintiff filed a Title VII Complaint (the "Complaint") on October 15, 2004. The Complaint provides a lengthy and somewhat confusing discourse of the plaintiff's experiences with the Fort Logan National Cemetery. The Complaint alleges the following:

1. The plaintiff is the widow of a World War II United States Merchant Marine. *Complaint*, p. 7, ¶ 20. The plaintiff's husband was buried at the Fort Logan National Cemetery in Denver in March 2002. Id. at p. 3, ¶ 11; p. 7, ¶ 20. The plaintiff began volunteering at the cemetery within weeks of her husband's burial. Id. at p. 3, ¶ 11. Her volunteering included the following "actual or proposed" duties: weeding, picking up trash, cleaning up branches, and rendering advice and research on a cemetery expansion project. Id. She had almost daily contact

with the Deputy Director of the cemetery "to report the criminal or inappropriate use of the cemetery each prior evening or to ask for and receive permission for expanded work assignments or to report broken sprinkler heads, for example." Id.

    2.   The plaintiff was assaulted and defamed by cemetery staff. Id. at p. 9, ¶ 23. "The cemetery staff seems to have been soliciting hate crimes against Mrs. Ramsey based on their perception that she is mentally ill." Id.

    3.   In the spring of 2003, the plaintiff was barred from entering the cemetery grounds for one year. Id. at p. 7, ¶ 20. The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability. Id. at Exhibit 3, p. 1. The EEOC denied the complaint, finding that the plaintiff was not an employee or an applicant for employment and, therefore, was not an aggrieved person under the pertinent regulations. Id. p. 2.

The Complaint asserted claims for defamation, loss of standing in the community, violation of the Equal Protection Clause, involuntary servitude, denial of due process, discrimination and retaliation in violation of Title VII and the Americans With Disabilities Act, cruel and unusual punishment, assault and battery, and violation of the National Environmental Policy Act ("NEPA"). On December 15, 2005, the Court dismissed all of the plaintiff's claims except her claim under the National Environmental Policy Act. *Order entered December 15, 2005*.

The plaintiff's allegations regarding NEPA are found in her Fifth Claim for Relief. *Complaint*, pp. 9-11. Claim Five states the following:

> Plaintiff became aware of the Expansion and Improvement of Fort Logan National Cemetery Project in about September, 2002. She has a degree in Civil and Environmental Engineering and a degree in Art, which includes course work in e.g. cultural anthropology. Plaintiff began her work on the project with a scoping letter dated December 20, 2002. She did extensive lobbying and providing contacts for the V.A. and the contractor company writing the EA, URS Corporation, including citizen groups and professional contacts necessary for proper review of the project. Mrs. Ramsey had extensive discussions, based on her engineering degree and experience, with Richard Wannemacher. The VA did not include her work in the draft Environmental Assessment (EA) and severely truncated it from the Final EA. The work was either public comment or work product, it can't be both. If the work was public comment the VA was obligated to include it both in the draft and in the final EA in its entirety. Since the work was not included, the Secretary must have deemed it work product, further volunteer work Mrs. Ramsey was authorized to perform directly by Richard Wannemacher. His taped comments clearly indicate his supervisory capacity and direction to Plaintiff.

Id. at p. 10.

The plaintiff seeks the following relief:

> Order Secretary Principi reissue the Environmental Assessment of the Expansion and Improvement of Fort Logan National Cemetery to include all of Mrs. Ramsey's work. Order the Secretary to include the report from the Paralyzed Veteran's of America which confirms part of the non-compliance for handicapped accessibility. Order the Secretary to re-examine the design of the columbarium for compliance with the recommendations for accessibility and protection for recreations sites (there is not yet a standard for cemeteries per se). Order the Secretary to arrange for and pay for environmental mitigation since he already took out every living tree, including an irreplaceable 40 year old grove of cottonwood trees and natural area on the expansion site in violation of his own website posted construction standards.

Id. at p. 13, ¶ 7.

The defendant asserts that the NEPA claim must be dismissed for lack of subject matter jurisdiction. The plaintiff has submitted a response to the defendant's Motion. *Plaintiff's Response to the Magistrate's Invitation of Dispositive Summary Judgment Motion* [Doc. #124, filed 12/6/06] (the "Response"). The Response contains ad hominem and irrelevant arguments. I address only the arguments that are pertinent to this Court's subject matter jurisdiction.

### III.  ANALYSIS

#### A.  Motion to Dismiss

The jurisdiction of the federal courts is limited. Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Therefore, a presumption exists against federal court jurisdiction. Id. The party invoking federal court jurisdiction bears the burden of coming forth with competent evidence to prove jurisdiction. Id.; United States ex rel. King v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1278 (10th cir. 2001).

The Complaint names as the defendant Anthony J. Principi in his official capacity as the Secretary of Veterans Affairs. "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." Atkinson v. O'Neil, 867 F.2d 589, 590 (10th Cir. 1989). Therefore, the United States is the real party in interest in this case.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir.

1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

"A waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted).  A matter must be dismissed "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."  Fed. R. Civ. P. 12(h)(3).  The plaintiff bears the burden of establishing waiver to sovereign immunity.  Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).

The plaintiff asserts jurisdiction for her NEPA claim under the NEPA statute.[1]  *Complaint*, p. 1, ¶ 6.  However, "NEPA does not provide for a private right of action."  Colorado Farm Bureau Federation v. United States Forest Service, 220 F.3d 1171, 1171 (10th Cir. 2000).

The plaintiff makes the following argument regarding whether NEPA grants her a private right of action to bring her claim:

> Plaintiff has tried to research whether there is an individual right to sue under NEPA.  She has found many cases where individuals successfully pursued NEPA claims include [sic] the D. Illinois line of cases against the US Forest Service.  She also has researched the Executive's Council on Environmental Quality which also lists individual cases brought under NEPA.  She asks the Court for a continuance or an interim ruling so she can more properly plead this issue.

*Response*, ¶ 21.

---

[1] In her Complaint, the plaintiff also lists as jurisdictional bases the Americans With Disabilities Act, the United States Constitution, and 42 U.S.C. § 1983.  Id.  However, none of these authorities pertain to the NEPA claim.

Despite the assertion that she has found many cases in which a private right of action was permitted under NEPA, the plaintiff does not provide citations to any of them. Nor does she specify how she may more properly plead the issue or why she needs additional time to do so.[2]

The plaintiff makes extensive arguments--all of them unsupported by evidence[3]--regarding her constitutional standing to bring the NEPA claim. However, these arguments presuppose that the plaintiff has a private right of action under NEPA.

The plaintiff makes one passing reference to the Administrative Procedures Act ("APA"), as follows:

> The theme of the suit, interweaving all the facts and claims, is that Defendant did not do his job. He did not even process any of Plaintiff's claims or did not process them in the proper order or with the requisite Constitutional or legislative protections as far as she is able to discern at this time. To refuse to even process the various claims administratively,[4] to refuse to process them timely

---

[2]The plaintiff requests a continuance throughout her Response. She has also filed a motion for continuance in order to obtain additional discovery. As discussed in my order denying the motion, the plaintiff does not identify with specificity the discovery she seeks, nor does she explain why the additional discovery is necessary to establish jurisdiction over the NEPA claim.

[3]The plaintiff requests that "due to her religious convictions and the plain language of her Bible, she be relieved from the pagan requirement that she make any oath or be forced, under the threat of dismissal, to swear to any statement or matter, specifically in regard to the requirements in Rule 56 for 'affidavits' or 'sworn or certified copies' of papers or parts of papers." *Response*, ¶ 1. The plaintiff cites to 28 U.S.C. § 1746 in support of her request. However, section 1746 provides that whenever any rule requires that a matter be supported by affidavit, such matter may be supported by an *unsworn* declaration which is subscribed by the author as true under penalty of perjury and dated. Therefore, to the extent the plaintiff is requesting to be excused from submitting proper factual evidence to the Court on the basis that her religion prevents her from submitting a sworn affidavit, the request is denied. Section 1746 (of which the plaintiff is obviously aware) permits submission of factual statements without a sworn affidavit.

[4]The claims that the defendant allegedly "refused to process" are (a) the plaintiff's request for a headstone for her deceased husband, id. at ¶ 15; the plaintiff's request for veteran's benefits, id. at ¶ 16; and the plaintiff's claims of assault and battery by cemetery personnel, id. at ¶ 17.

>and in the proper order or to deny Constitutional protections is the
>waiver of sovereign immunity under the APA, hence this court's
>jurisdiction in this suit.

*Response*, ¶ 14.

The plaintiff does not assert an APA claim in her Complaint, nor does she provide any argument or evidence to prove that she meets the statutory standing requirements of the APA. See Colorado Farm Bureau Federation, 220 F.3d at 1173.

The plaintiff has not proven any jurisdictional basis for her NEPA claim. Because she has failed to meet her burden of proving jurisdiction, this claim must be DISMISSED.

## IV. CONCLUSION

I respectfully RECOMMEND that the Defendant's Motion for Summary Judgment on Plaintiff's Remaining Claim Under the National Environmental Policy Act be GRANTED and that the Complaint be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 13, 2007.

                          BY THE COURT:

                          s/ Boyd N. Boland
                          United States Magistrate Judge